IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

SHAWN DeVAZIER MANLEY, in her
capacities as Executrix of the Estate of the
Donna A. DeVazier and as Beneficiary of
the Donna A. DeVazier Irrevocable Inter
Vivos Trust No. 1 dated December 29, 2003          PLAINTIFF

v.                       No. 2:15-cv-54-DPM

THOMAS BRADLEY DeVAZIER, as Trustee
of the Donna A. DeVazier Irrevocable Inter
Vivos Trust No. 1 dated December 29, 2003          DEFENDANT

ORDER

Among the limited categories of cases over which this Court has subject matter jurisdiction are those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Manley and DeVazier are sister and brother. Both are Arkansawyers, so there's no diversity. They have a dispute about who must pay some estate taxes, which are due in a few weeks. Their mother's taxable estate includes some life insurance proceeds even through though the money went to a trust. Their dispute, however, doesn't arise under federal law.

First, federal law does not create a cause of action for Manley to recover money for taxes due but not yet paid. All the statutes speak clearly: Manley

has a claim for "tax [that] has been paid...[,]" not taxes that are owed. 26 U.S.C. § 2206, 26 U.S.C. § 2207, 26 U.S.C. § 2207B. Federal law therefore does not "create[] the cause of action asserted." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Manley's authorities are about suits to recover estate taxes already paid. *Northern Trust Co. v. Baron*, 377 F. Supp. 666, 667 (N.D. Ill. 1974); *Owen v. Kronheim*, 304 F.2d 957, 958 (D.C. Cir. 1962). Federal question jurisdiction certainly exists in that situation, but not beforehand.

Second, the deeper issue is whether Manley's case is one of the "extremely rare exceptions" where a federal question embedded in a primarily state law case creates jurisdiction in federal court. *Gunn*, 133 S. Ct. at 1064-65; *see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312-14 (2005). It is not. Though the law's canvas here looks like Jackson Pollock got hold of it first, 133 S. Ct. at 1065, at least the borders of jurisdiction for this case are clear.

DeVazier got the life insurance money as trustee of their mother's trust. Manley is executrix of their mother's estate—which owes the estate taxes resulting from the proceeds. DeVazier has refused Manley's requests to disburse trust funds to pay the taxes, and he is, she says, in breach of his

trustee obligations. *Complaint, № 1 at 3-9.* Manley seeks to make DeVazier do right, as she sees it; among other things, she wants the trust to pay the estate taxes, which are due in a few weeks. *№ 1 at 12-13.*

Manley pleads Arkansas law claims for her brother's alleged mishandling of the trust. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1059. Manley has raised her and the estate's entitlement to a trust distribution before the estate pays the taxes; DeVazier has (so far) not made the distribution. And though he hasn't appeared or answered, its apparent that he disputes any trust obligation to pay the taxes now. So requirements one and two are met. Requirements three and four are not.

This family dispute is not substantial in the required sense. How to pay the more than two million dollars of estate taxes owed is no doubt important to these parties and this family. But this "who pays now" controversy is not important to the federal system as a whole. The tax man wants his dollar, and doesn't care, at this point, whose dollar it is. If the estate is out of pocket

wrongly, a federal cause of action will be available then. No conflict between federal and state law is argued. *Compare Riggs v. Del Drago*, 317 U.S. 95, 102 (1842). This dispute is not substantial in a second sense. Manley's theory is creative; but the Court is hard pressed to see how federal law is much help at this point. Common and statutory law about a trustee's obligations in these circumstances seem more promising, which leads to the last requirement.

Exercising jurisdiction would upset "the appropriate balance of federal and state judicial responsibilities." *Gunn*, 133 S. Ct. at 1068. States have a particularly strong interest in regulating trusts, which concern the property of their citizens. *E.g.*, Ark. Code Ann. §§ 28-73-101 *et seq*. At bottom, Manley and DeVazier have fallen out about the proper administration of their mother's life insurance trust. Resolving that dispute in federal court, in the absence of diverse parties, would deprive Arkansas's courts of their properly preeminent role in this matter involving a fiduciary, a trust, and trust property.

Manley's motion for injunctive relief, № 3, is denied without prejudice. The case will be dismissed without prejudice for want of jurisdiction.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

5 May 2015